**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | **CIVIL ACTION** |
| **HAROLD HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LESLIE RICHARDS, Secretary of Pa. Dept.** | : | |
| **of Transportation** *et al.*, | : | **NO. 14-6794** |
| **Defendants.** | : | |

**MEMORANDUM**

PRATTER, J.                                                                 OCTOBER 16, 2015

Plaintiff Harold Howard alleges that the suspension of his driver's license violates his due process rights under the United States and Pennsylvania Constitutions and that the statute under which his license was suspended is "void for vagueness."  Defendants have moved to dismiss Mr. Howard's claims, arguing not only that Mr. Howard has failed to state a claim, but also that the Court must abstain from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971).  Mr. Howard was ordered to respond to Defendants' motion, but he has failed to do so.

The Court will grant Defendants' motion.

**BACKGROUND**[1]

In January, 2010, law enforcement personnel pulled Mr. Howard over for driving under the influence, a charge for which he was later acquitted.  At the time, he refused chemical testing; as a result, his license was summarily suspended pursuant to 75 Pa. C.S. § 1547, otherwise known as the Implied Consent Law.  Mr. Howard received a letter from the Pennsylvania Department of Transportation in February, 2010, informing him of the automatic 12-month suspension of his driver's license beginning on March 19, 2010.  Mr. Howard alleges

---

[1] The facts set forth herein are derived from both the Amended Complaint and state court records.

that the form on which this suspension was based was filled out incorrectly by the arresting officer.

Under § 1547, summary suspensions may be appealed immediately to the Pennsylvania Court of Common Pleas for a trial *de novo*. Mr. Howard appealed his suspension on March 15, 2010, and the suspension was then stayed pending the outcome of that appeal. On June 7, 2010, Montgomery County Court of Common Pleas upheld his suspension and reinstated it. Instead of filing a notice of appeal in that court, Mr. Howard mistakenly filed a "permission to file notice of appeal nunc pro tunc" in the Commonwealth Court, and the Chief Clerk of that court forwarded the filing to the Montgomery County Court of Common Pleas on September 13, 2010. Just over two years later, the Court of Common Pleas sent Mr. Howard a notice of intent to terminate the matter, and, receiving no response, the Court did so on January 29, 2013.

On April 4, 2013, Mr. Howard filed a petition for review of the suspension in the Commonwealth Court. The Pennsylvania Department of Transportation filed preliminary objections, which the Commonwealth Court granted, dismissing the matter because Mr. Howard had not exhausted his statutory remedy by properly filing a notice of intent to proceed or a notice of appeal in the Court of Common Pleas. On September 14, 2014, Mr. Howard filed another petition for review in the Commonwealth Court, seeking to challenge the same suspension, and again the Commonwealth Court dismissed the action. This time, however, he appealed the Commonwealth Court's ruling to the Pennsylvania Supreme Court, and that appeal is still pending.

While the second petition for review in the Commonwealth Court was still pending, Mr. Howard filed this action. He argues that the suspension of his license was unconstitutional because he was deprived of due process, that the statute authorizing summary suspension is void

for vagueness, and that the Commonwealth Court made various errors in dismissing his petitions. He seeks an order reinstating his license, "declaratory judgment that the statute 75 Pa. C.S. [§] 1547 is unconstitutional on its face and is void due to vagueness," and an order declaring that the state court's judgment is void.  Defendants have moved to dismiss Mr. Howard's Amended Complaint for a number of reasons, including that the Court must abstain from deciding the case under *Younger*.

LEGAL STANDARD

*Younger* abstention is a doctrine first announced in the Supreme Court's *Younger v. Harris* opinion, in the context of preventing federal courts from interfering with ongoing state criminal proceedings.  As such, it is grounded in "Our Federalism," or the concept of "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."  *Id.* at 44.  A court should decide whether *Younger* applies before addressing the merits of the case.  *See Hicks v. Miranda*, 422 U.S. 332, 346 (1975).

Under *Younger,* federal courts will abstain from, and therefore dismiss, claims otherwise within the scope of federal jurisdiction when "exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States."  *Sprint Commc'ns, Inc. v. Jacobs,* 134 S. Ct. 584, 591 (2013) (citation omitted).  Those "exceptional circumstances" are found when the underlying state proceeding fits one of three categories:  (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.* at 588.

DISCUSSION

Defendants argue that *Younger* abstention applies here because Mr. Howard's appeal of the suspension of his license is currently pending before the Pennsylvania Supreme Court. They cite *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), as setting forth the three-factor test for *Younger* abstention: (1) whether the proceeding is an ongoing state judicial proceeding, (2) whether the proceeding implicates important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id.* at 432. They argue that all three of these criteria have been met here.

The Court agrees that all three *Middlesex* criteria are met in this case. The underlying state proceeding is ongoing, the state has an important interest in prosecuting individuals who drive under the influence and, therefore, in compelling cooperation with the detection of that dangerous condition, and nothing in the Pennsylvania statute providing for an appeal of the suspension of a driver's license limits Mr. Howard's ability to bring the constitutional challenges he seeks to litigate here. *See* 75 Pa. C.S. § 1550. However, what Defendants fail to cite or acknowledge is *Sprint*, 134 S. Ct. 584, and its progeny, which considerably narrowed the *Younger* doctrine. Before *Sprint*, courts of appeals interpreted *Middlesex* to mean that the courts should abstain pursuant to *Younger* when the three factors discussed in *Middlesex* are met, without further considerations. *See Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, 180-81 (3d Cir. 2014) (discussing lower courts' "struggle[] to pinpoint the [*Younger*] doctrine's outer limits" before *Sprint*, and noting that, "Over the years following *Middlesex,* lower courts engaged in a routine practice of exclusively applying the[] three [*Middlesex*] factors as if they were the alpha and omega of the abstention inquiry"). *Sprint*

clarified that discussion of the *Middlesex* factors comes only *after* a court has determined that the underlying state proceeding is criminal, quasi-criminal, or a "civil proceeding[] involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 180 (quoting *Sprint*, 134 S. Ct. at 588).

Mr. Howard's state case does not fall into the first or third category; it is not a criminal proceeding, nor is it a proceeding involving an order "uniquely in furtherance of the state courts' ability to perform their judicial functions." The second category, civil enforcement or "quasi-criminal" proceedings, are "characteristically initiated to sanction the federal plaintiff," *Sprint*, 134 S. Ct. at 592 and are "in aid of and closely related to criminal statutes," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). Mr. Howard's state court proceeding began when he appealed the suspension of his license by a state agency, pursuant to a statute designed to aid law enforcement in evaluating whether an individual had committed the crime of driving under the influence. Thus, Mr. Howard's underlying state proceeding neatly falls into that second category of "exceptional circumstances" compelling abstention. For this reason, the Court will grant Defendants' motion and dismiss Mr. Howard's case.

CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion. An appropriate Order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge